**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| DUK MUN WOO | * |
| | *   COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   JURY TRIAL DEMANDED |
| NATIONAL ACTION FINANCIAL SERVICES, INC. | * |
| | * |
| Defendant | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiffs is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant National Action Financial Services ("NAFS") is a debt collection company with its principal place of business located at 125 Lawrence Bell Drive, Suite 100, Williamsville, NY, 14221. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt that was previously owed by Plaintiff.

**FACTUAL ALLEGATIONS**

6. On or about February 29, 2012, Plaintiff sought relief from his creditors by filing a Chapter 13 bankruptcy with the United States Bankruptcy Court for the District of Maryland (Case No. 12-13706).

7. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, two unsecured debts were listed in favor of "Citibank Sd, Na" in the amounts of $10,800.00 and $9,462.00. These debts were pulled directly from Plaintiff's credit report. A copy of the filed Schedule F is attached as **Exhibit A**.

8. On or about March 3, 2012, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiffs' bankruptcy to all creditors as well as the Bankruptcy Noticing Center, AACER, and BANKO. A copy of this certification is attached as **Exhibit B**.

9. On or about April 5, 2012, without doing any due diligence, Defendant mailed a collection letter to Plaintiff, demanding a balance of $11,362.28. A copy of this letter is attached as **Exhibit C.**

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

    (1) The plaintiff has been the object of collection activity arising from consumer debt;

    (2) The defendant is a debtor collector as defined by the FDCPA; and

    (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

12. Here, all elements are present, satisfied, and cannot be disputed.

13. The Honorable Judge Easterbrook wrote in *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004) that, "A demand or immediate payment while a debtor is in bankruptcy or after the debt's discharge is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."

14. Therefore Defendant's aforementioned attempt to collect on a debt that Plaintiffs discharged in their bankruptcy was a false statement to the Plaintiffs, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), e(10).

15. Plaintiff had filed bankruptcy specifically to gain relief from his creditors and to stop these kinds of collection efforts.

16. Through Defendant's actions the Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant

to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:
a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;
b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;
c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and
d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 20th day of April, 2012;

DUK MUN WOO

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com